

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LLEWELLYN GEORGE, 02A0092,

        Plaintiff,

  -v-

GLENN S. GOORD, THOMAS G. EAGAN,
JAMES T. CONWAY, RANDY JAMES,
BEA, BORAWSKI, SANDRA DOLCE,
THERESA DYSON, CHARITONOW,
DON LOPES, HARTMAN, GEORGE STRUEBEL,
BISHOP, LISA, JOHN DOE, T. EDWARDS
and V. REBL,

        Defendants.

_____

05-CV-0788Sr

MEMORANDUM and ORDER

      Plaintiff, who is incarcerated in the Southport Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

      The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 -100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends

to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, to the extent the complaint can be construed as alleging claims against the defendants in their official capacities, the Eleventh Amendment bars said claims and they are hereby dismissed. *Pennhurst*, 465 U.S. 89 at 199-201

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

DATED:   Buffalo, New York
         June 14, 2006

                                        _____
                                        JOHN T. ELFVIN
                                        UNITED STATES DISTRICT JUDGE