**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LLEWELLYN GEORGE, 02-A-0092,**

                            **Plaintiff,**                  **05-CV-0788A(Sr)**

**v.**

**GLENN S. GOORD, et al.,**

                            **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. ##10 and 11.

Plaintiff filed this *pro se* action on or about November 3, 2005, seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. Plaintiff alleges that while an inmate at the Attica Correctional Facility, his rights pursuant to the First, Eighth, and Fourteenth Amendments to the United States Constitution were violated. *Id*. On March 31, 2009, this Court issued its Report, Recommendation and Order with respect to plaintiff's motion for summary judgment (Dkt. #22) and defendants' cross-motion for summary judgment (Dkt. #52). Dkt. #84. Specifically, this Court recommended that plaintiff's motion for summary judgment be denied and defendants' cross-motion for summary judgment be granted in part and denied in part. *Id*. As of the date of this Decision and Order, no objections to this Court's Report, Recommendation and Order have been

filed. In light of the relief recommended in this Court's Report, Recommendation and Order and as noted in footnote one of that Report, Recommendation and Order, the issue concerning the failure to effectuate proper service of the Complaint on the remaining defendant, Don Lopes, must be addressed.

Together with his complaint, plaintiff also filed a Motion to Proceed *In Forma Pauperis* on November 3, 2005. Dkt. #2. Plaintiff's motion to proceed *in forma pauperis* was granted by United States District Judge John T. Elfvin on June 14, 2006. Dkt. #3. Specifically, District Judge Elfvin's Memorandum and Order states, in pertinent part, "[t]he Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants ..." *Id*. A careful review of the Western District of New York docket sheet reveals to this Court that a Summons was issued for Don Lopes (Dkt. Entry dated July 12, 2006). However, a further review of the docket sheet reveals that the Summons was not returned and defendant Don Lopes did not file an Answer to the Complaint or otherwise appear in this action, except as described below.

As noted in this Court's Report, Recommendation and Order, plaintiff filed a separate action against several of the same defendants named in the instant action, entitled *Llewellyn George v. James Conway, et al.*, Case No. 05-CV-510. Notably, Don Lopes, a named defendant in *George v. Conway, et al.*, was served with a copy of the complaint and appeared in that action and was represented by the New York State

Attorney General's Office, Assistant Attorney General Michael A. Siragusa. It bears noting that Assistant Attorney General Michael A. Siragusa is also the Assistant Attorney General responsible for handling the instant case. Notwithstanding the fact that he was not served with a copy of the complaint in this action, Don Lopes did, however, file an affidavit in support of defendants' motion for summary judgment and in opposition to plaintiff's motion for summary judgment in both the instant action and in the separate action described above. For purposes of the motions for summary judgment filed in both actions, the parties treated the action as having been informally consolidated insofar as the parties submitted one set of papers in each action and the papers bore the captions of both actions.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, the Court is required to extend the time for service if good cause is established, but retains discretion to extend the time regardless of the existence of good cause. *See Mused v. U.S. Dept. of Agriculture Food and Nutrition Service,* 169 F.R.D. 28, 33 (W.D.N.Y. 1996); *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345 (S.D.N.Y. 1996). Good cause is generally found only in exceptional circumstances where the plaintiff's failure to effect timely service was the result of circumstances beyond his control.

*Mused*, 169 F.R.D. at 32. In assessing whether to exercise its discretion to extend the deadline for service, courts will consider whether: (1) the statute of limitations would bar the refiled action; (2) the defendant had actual notice that the plaintiff filed a claim; (3) the defendant concealed a defect in attempted service; and (4) the defendant suffered prejudice as a result of plaintiff's delay. *Charles v. New York City Police Dep't,* No. 96CIV9757, 1999 WL 717300, at *7 (S.D.N.Y. Sept. 15, 1999).

Applying these factors to the instant case, this Court finds that plaintiff must be afforded an extension of time to effect proper service on defendant Don Lopes. As a threshold matter, the failure of the plaintiff to effectuate proper service on defendant Lopes was a result of circumstances entirely outside of his control. In addition to the foregoing, this is not a case where plaintiff could file another action, as the statute of limitations ran in 2008. The defendant, Don Lopes, was not only aware of the instant action, but filed an affidavit in connection with the summary judgment motions and the same Assistant Attorney General was handling both matters. Thus, there is no basis for defendant Lopes to argue that he was unaware of the instant action and the allegations against him or that he has suffered prejudice as a result of the delay in proper service. Accordingly, the time within which to serve the Complaint on defendant Don Lopes is hereby extended, *sua sponte*, as follows. Assistant Attorney General Michael A. Siragusa is hereby directed to notify the undersigned, in writing, by no later than May 15, 2009, whether defendant Don Lopes is still employed by the New York State Department of Correctional Services and if so, to provide the undersigned and the Clerk of Court with Mr. Lopes' business address. In the event that

defendant Don Lopes is no longer employed by the New York State Department of Correctional Services, Assistant Attorney General Michael A. Siragusa is further directed to provide the Clerk of Court and the undersigned with Mr. Lopes' address or to indicate to the Clerk of Court and the undersigned that he is authorized to accept service on Mr. Lopes' behalf.  Thereafter, the Clerk of Court is hereby directed to prepare a Summons and to cause the United States Marshal to serve copies of the Summons, Complaint and this Order upon defendant Don Lopes or Assistant Attorney General Siragusa, as appropriate, forthwith.

**SO ORDERED.**

DATED:    Buffalo, New York
             April 28, 2009

                                     **s/ H. Kenneth Schroeder, Jr.**
                                     **H. KENNETH SCHROEDER, JR.**
                                     **United States Magistrate Judge**